UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CRAIG DAWDY, | ) |
|       Plaintiff, | ) |
| v. | ) No. 2:17-CV-49 AGF |
| LARRY ALLEN, et al., | ) |
|       Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon initial review following plaintiff's filing of his amended complaint.[1] After reviewing the amended complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### Legal Standard

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

---

[1] On July 28, 2017, the Court granted plaintiff leave to proceed in forma pauperis. The Court has not, however, conducted an initial review pursuant to 28 U.S.C. § 1915(e).

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, an inmate at Northeast Correctional Center ("NECC"), brings this action against fourteen prison officials and food service staff at the Missouri Department of Corrections ("MDOC") and NECC, seeking monetary, declaratory, and injunctive relief pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc, *et seq.* ("RLUIPA"), and under 42 U.S.C. § 1983. Plaintiff has named as defendants in both their individual and official capacities: Larry Allen (Food Service Manager, NECC); Troy Bartley (Food Service Coordinator, MDOC); Sheri Brothers (Business Office Manager, NECC); Travis Case (Canteen Manager, NECC); Alan Earls (Deputy Division Director, Missouri Adult Institutions); Chantay Godert (Assistant Warden, NECC); Richard Griggs (Assistant Warden, NECC); James Hurley (Warden, NECC); William Jones (Deputy Warden, NECC); Gil Long (Central Canteen Manager, MDOC); Shelly Orf (Food Service Secretary, NECC); Murry Phillips (Chaplain, NECC); Anne L. Precythe (Director, MDOC); and Renee Wombles (Captain Corrections Officer III, NECC).

*Certified Religious Diet Meals on Sabbath, High Holy Days, and Passover*

Plaintiff first claims that the certified religious diet ("CRD") kosher meals prepared by NECC violate Jewish dietary laws on the Sabbath, High Holy Days, and during Passover. Plaintiff states that the CRD meals would need to include grape juice, matzo, fish and meat items on the Sabbath, High Holy Days, and during Passover to conform to Jewish dietary laws. Plaintiff refers to these items as ritual kosher food items. Further, the NECC canteen does not sell kosher grape juice, matzo, or any kosher meat item, and therefore plaintiff has no means to

abide by his Jewish dietary laws on the Sabbath, High Holy Days, and during Passover. Plaintiff states Jewish offenders are served peanut butter in the CRD kosher meals during Passover, which is strictly prohibited under Jewish dietary law, and none of the items served to Jewish offenders during Passover are labeled as "Kosher Passover."

Additionally, to qualify for kosher meals on the Sabbath, High Holy Days, and during Passover, NECC requires offenders to adhere to the daily kosher dietary law. Offenders are not allowed to engage in dietary restrictions under their religion only on the Sabbath, High Holy Days, and during Passover. In contrast to the treatment of Jewish offenders, plaintiff states Muslim offenders are not required to be receiving daily CRD Muslim meals to participate in Ramadan services. He states these groups are provided their religious dietary meals every evening and morning during Ramadan.

*Retaliation—Allegations Against Defendant Larry Allen*

On October 25, 2016, plaintiff alleges he was retaliated against by defendant Larry Allen for practicing his kosher diet. He states he was removed from the CRD kosher diet for purchasing pinto beans at the canteen. Plaintiff states the pinto beans were marked with the kosher symbol, but apparently had not been placed on the canteen's approved list for the kosher diet. Defendant Allan had plaintiff removed from his CRD kosher diet.

On November 4, 2016, plaintiff was reprimanded by defendant Chaplain Phillips for buying mustard fish steak from the NECC canteen. Plaintiff advised Mr. Phillips that the mustard fish steaks had been on the CRD kosher approved list from 2014 and were marked kosher. Defendant Allen and his secretary defendant Shelly Orf submitted a CRD non-compliance form and had plaintiff removed from the CRD meals. On November 14, 2016, plaintiff received notice from Deputy Warden Jones that he was being removed from his CRD kosher meals for six months for purchasing the mustard fish steaks.

Plaintiff states defendants Griggs, Hurley, and Earls refuse to contract with a kosher vendor, and rely on the vendor purchase invoice (*i.e.*, not the product labeling) to determine whether an item is kosher. This allows them to remove plaintiff from the CRD kosher meal program even when plaintiff is not violating his kosher diet.

*Allegations Against Defendants Sheri Brothers and Renee Wombles*

Plaintiff alleges defendant Sheri Brothers, NECC's Business Manager, misappropriated offender chapel funds that had been approved for purchasing romaine lettuce for plaintiff's seder service on April 10, 2017. He alleges this was a deliberate act of discrimination against plaintiff for practicing his religious faith. He claims Ms. Brothers provided funds to Christians, Muslins, and Native Americans, but not to Jewish offenders.

Plaintiff alleges Captain Renee Wombles cancelled plaintiff's seder service on April 11, 2017 and refused to allow plaintiff to access the NECC chapel for the prescheduled service.

*MDOC's Policy Regarding a Religious Community*

Plaintiff alleges defendants Precythe, Earls, Hurley, Jones, Godert, Griggs, and Chaplain Phillips have created a MDOC policy mandating at least five offenders must attend any religious service or Torah study group to qualify as a religious community. Plaintiff states this policy prevents him from holding meetings for three to four Jewish offenders. Also, his Jewish community does not qualify to use the money in the inmate canteen fund to purchase Jewish materials under Missouri Revised Statute § 217.195.

Section 217.195 allows for the creation of an inmate canteen fund at each correctional center. These funds are to be used for "the benefit of the offenders in the improvement of recreational, religious, or educational services." Plaintiff states that NECC's Christian and Muslim communities have access to these funds, but because of how MDOC defines a "religious community," his small Jewish community does not have access to these funds.

**Discussion**

Plaintiff brings his amended complaint in nine counts, many of which have overlapping factual and legal allegations. For purposes of initial review, the Court will evaluate plaintiff's 42 U.S.C. § 1983 claims and his RLUIPA claims separately.

**I.      Plaintiff's Claims Brought Under 42 U.S.C. § 1983**

   A.      Plaintiff's First Amendment Claims

Plaintiff claims that defendants violated his rights under the First Amendment to exercise his religious beliefs, and retaliated and discriminated against him for exercising these beliefs.[2] While prisoners retain their constitutional rights, they are subject to limitations on those rights "in light of the needs of the penal system." *Murphy v. Mo. Dep't of Corr.,* 372 F.3d 979, 982 (8th Cir.), *cert. denied,* 543 U.S. 991 (2004). An inmate's constitutional claims are evaluated under a lesser standard of scrutiny, even though such claims would receive strict scrutiny analysis if brought by a member of the general population. *Id.* "A prison regulation or action is valid, therefore, even if it restricts a prisoner's constitutional rights if it is 'reasonably related to legitimate penological interests.'" *Id.* (quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987)).

The Court finds plaintiff has stated First Amendment claims sufficient to survive initial review under § 1915(e) against defendants Larry Allen, Troy Bartley, Sheri Brothers, Travis Case, Alan Earls, Chantay Godert, Richard Griggs, James Hurley, William Jones, Gil Long, Murry Phillips, and Anne Precythe.

   *1.    Plaintiff's Claims Against MDOC Director Anne L. Precythe and Alan Earls, Deputy Division Director, Missouri Adult Institutions*

---

[2] A prisoner's claim under RLUIPA is evaluated under a different standard than a First Amendment claim. "By enacting RLUIPA, Congress established a statutory free exercise claim encompassing a higher standard of review than that which applies to constitutional free exercise claims." *Murphy*, 372 F.3d at 987 (8th Cir. 2004). *See* Part II, *infra*.

Plaintiff names as defendants MDOC Director Anne L. Precythe and MDOC Deputy Division Director, Missouri Adult Institutions, Alan Earls. Plaintiff states they are denying him access to religious materials and religious community services by enforcing a MDOC policy at NECC that offenders must have five actively participating members of the Jewish faith before being allowed to practice as a religious community. Plaintiff alleges this denies Jewish offenders access to the inmate canteen funds, which they could use to purchase religious materials and kosher foods. Plaintiff also alleges defendants Precythe and Earls refuse to add kosher items to the approved CRD kosher purchasing list, and refuse to contract with a kosher vendor.

Plaintiff's claims against defendants Precythe and Earls survive review under § 1915(e)(2)(B) and should not be dismissed at this time. The Court will order that these defendants respond to the amended complaint.

### 2. *Plaintiff's Claims Against Food Service Defendants and Canteen Managers*

Plaintiff alleges First Amendment violations against the following food service and canteen employees: Larry Allen, Food Service Manager, NECC; Troy Bartley, Food Service Coordinator, MDOC; Travis Case, Canteen Manager, NECC; and Gil Long, Central Canteen Manager, MDOC. He alleges these defendants do not provide him with the specific ritual food items to abide by the Jewish dietary laws on the Sabbath, High Holy Days, and during Passover, and these items are not available for purchase at the canteen. Additionally, the food service defendants place peanut butter in plaintiff's CRD kosher meals during Passover, which is a violation of Jewish dietary laws.

As to defendant Larry Allen, plaintiff states Mr. Allen directly discriminated and retaliated against him by removing him from his CRD kosher meals for six months for eating kosher-marked foods from the canteen (pinto beans and mustard fish steaks) that were not listed on the canteen vendor's invoice as kosher.

Plaintiff's claims against the food service and canteen defendants survive review under § 1915(e)(2)(B) and should not be dismissed at this time. The Court will order that these defendants respond to the second amended complaint.

### 3. *Plaintiff's Claims Against NECC Defendants*

In addition to the food service and canteen defendants, plaintiff states the following defendants also knew of his requirement for ritual foods during the Sabbath, High Holy Days, and Passover and made no accommodations for such foods: Chantay Godert, Assistant Warden, NECC; Richard Griggs, Assistant Warden, NECC; James Hurley, Warden, NECC; William Jones, Deputy Warden, NECC; and Murry Phillips, Chaplain, NECC.

Plaintiff states Godert, Griggs, Hurley, Jones, and Phillips are members of the Offender Canteen Committee and personally approve what items are obtained from the central canteen manager, Gil Long. Plaintiff alleges these defendants are personally involved in establishing the CRD kosher meal program at NECC and overseeing its implementation. These defendants refuse to place kosher items on the approved CRD purchase list unless the vendor had listed the item as kosher on its purchase invoice. Plaintiff alleges these defendants have denied plaintiff kosher items from the canteen, and have failed to stock ritual foods (kosher meats, matzo, and grape juice) in the canteen.

Plaintiff's claims against defendants Godert, Griggs, Hurley, Jones, and Phillips survive review under § 1915(e)(2)(B), and the Court will order these defendants to respond to the second amended complaint.

### 4. *Plaintiff's Claims Against Defendant Shelly Orf*

Plaintiff identifies defendant Shelly Orf as the secretary to defendant Larry Allen. He states Mr. Allen directed Ms. Orf to review plaintiff's canteen purchases to see if the items were

listed on the vendor's invoice as kosher. It was Mr. Allen, however, who ordered plaintiff off his daily CRD kosher meals, not Ms. Orf.

The Court finds plaintiff's claims against defendant Shelly Orf do not rise to the level of a constitutional violation, and do not survive review under § 1915(e)(2)(B). The Court will dismiss plaintiff's claims against Ms. Orf.

     *5. Plaintiff's Claims Against Defendants Sheri Brothers and Renee Wombles*

Plaintiff alleges defendant Sheri Brothers, NECC's Business Office Manager, misappropriated funds that were meant to purchase ritual foods for plaintiff's seder service on April 10, 2017. Plaintiff alleges this was a deliberate act of discrimination against plaintiff for practicing his religious faith. The Court finds plaintiff's claims against defendant Brothers survive initial review under § 1915(e)(2)(B). The Court will order defendant Brothers to respond to plaintiff's complaint.

Plaintiff alleges defendant Renee Wombles cancelled plaintiff's seder service on April 11, 2017, which plaintiff and eleven other Jewish offenders had been approved to attend. None of plaintiff's Counts I through IX, however, are not brought against defendant Wombles. Because plaintiff has not alleged any Counts against defendant Renee Wombles, the Court will dismiss her from this action.

  B. <u>Plaintiff's Fourteenth Amendment Equal Protection Claims</u>

In Counts I through VI, plaintiff brings claims for equal protection violations. The equal protection clause of the Fourteenth Amendment prohibits religious discrimination by the state. To establish an equal protection claim, plaintiff must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon a suspect classification or a fundamental right. *See Patel v. United States Bureau of Prisons*, 515 F.3d 807, 816 (8th Cir. 2008). Religion is a suspect classification, and therefore, plaintiff must show that the decision

of the defendants was motivated by intentional discrimination and furthered no legitimate penological interest. *Id.* at 816-17; *see also Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999).

Plaintiff alleges the following equal protection violations against defendants:

Defendant Allen targeted and discriminated against plaintiff by removing him from his CRD kosher meals in violation of MDOC CRD policy and was motivated by religious discrimination.

Defendants Case, Allen, and Phillips manipulate the list of approved CRD kosher purchase items at the NECC canteen to catch plaintiff buying foods that are technically kosher, but do not appear on the approved CRD purchase list. Plaintiff alleges these actions are also done for purposes of religious discrimination.

Defendants Precythe, Earls, Hurley, Jones, Godert, Griggs, Long, and Case provide at least ten different types of meat items sold at MDOC canteens. The ten meats contain pork and non-pork items to accommodate Christians and Muslims, but no meat item sold at the NECC canteen is kosher.

Jewish inmates have to be approved for daily CRD kosher meals to be provided with CRD kosher meals on the Sabbath, High Holy Days, and Passover. Muslim offenders, by contrast, are not required to be approved for daily CRD Muslim meals to be provided with CRD Muslim meals during Ramadan.

Defendants Precythe, Earls, Hurley, Jones, Godert, Brothers, and Phillips use offender canteen funds to support Christian and Muslim offenders, and not Jewish offenders.

Because NECC's Jewish community is not larger than five inmates, they are unable to hold Torah study groups unlike the Christian and Muslim communities.

Having carefully reviewed and liberally construed the plaintiff's complaint, the Court finds plaintiff has stated plausible equal protection claims against defendants Precythe, Earls, Hurley, Jones, Godert, Brothers, Griggs, Long, Case, Phillips, and Allen.

C. <u>Plaintiff's Due Process Claims</u>

In Counts I through VI, plaintiff alleges due process violations against defendants. The Due Process Clause of the Fourteenth Amendment provides that "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. There are two components to this due process right—a substantive component and a

procedural component. Substantive due process prevents the government from interfering with rights "implicit in the concept of ordered liberty." Procedural due process ensures that "[w]hen government action depriving a person of life, liberty or property survives substantive due process scrutiny, it must still be implemented in a fair manner." *United States v. Salerno*, 481 U.S. 739, 746 (1987). The Court will consider both plaintiff's substantive and procedural due process rights.

*(1) Plaintiff's Substantive Due Process Claims*

Substantive due process prevents the government from engaging in conduct that "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987). The state violates plaintiff's substantive due process when it infringes on fundamental liberty interests, without narrowly tailoring the interference to serve a compelling state interest. *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998).

The Supreme Court has found fundamental liberty interests include the specific freedoms protected by the Bill of Rights. *See Washington v. Glucksberg*, 521 U.S. 702, 719 (1997); *see also Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833, 851 (1992) ("At the heart of liberty [protected by Fourteenth Amendment] is the right to define one's own concept of existence, of meaning, of the universe, and of the mystery of human life."). Plaintiff has a fundamental liberty interest in practicing his religion freely—a freedom protected by the First Amendment. Liberally construing the complaint, plaintiff has alleged that defendants have placed restraints on his practice of religion that are not narrowly tailored to serve a compelling state interest. On initial review, the Court finds plaintiff has stated a plausible claim against defendants of violation of his substantive Due Process rights.

*(2) Plaintiff's Procedural Due Process Claims*

To establish a procedural due process violation, a plaintiff need not only show a protected interest, but must also show that he was deprived of that interest without sufficient process, *i.e.,* without due process. *Clark v. Kansas City Mo. Sch. Dist.,* 375 F.3d 698, 701 (8th Cir. 2004). The due process clause ensures every individual subject to a deprivation "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)). The circumstances of the deprivation dictate what procedures are necessary to satisfy this guarantee. *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005).

The majority of plaintiff's procedural due process claims contain only conclusory allegations and fail to allege any facts, which if proved, would afford a basis for granting relief. The Court finds, however, that plaintiff has stated a plausible procedural due process claim against defendant Allen. Plaintiff alleges that he was approved to receive CRD kosher meals in accordance with MDOC CRD policy beginning in November 2014. Plaintiff alleges defendant Allen ordered him off of CRD kosher meals on October 28, 2016 without authorization of Deputy Warden Jones and in direct violation of MDOC CRD policy. Plaintiff alleges Allen was not authorized to remove plaintiff from his CRD kosher meals without providing him a due process review hearing and without being approved by Deputy Warden Jones. For this reason, the Court finds plaintiff has alleged a plausible procedural due process claim against defendant Allen. The Court will dismiss without prejudice plaintiff's procedural due process claims as to the other defendants.

D.  Plaintiff's Eighth Amendment Claims

Plaintiff alleges defendants' actions infringing upon the practice of his Jewish faith have caused irreparable harm to his body and soul in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

To state a claim for cruel and unusual punishment under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to his health or safety. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime." *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal citations omitted).

Liberally construing the complaint, the Court finds plaintiff has not stated a plausible Eighth Amendment claim for cruel and unusual punishment. He has not alleged the type of wanton and unnecessary infliction of pain sufficient to violate the Eighth Amendment. Moreover, he has not alleged that defendants' actions were punitive or created a substantial risk of harm. *See, e.g., Hope v. Pelzer*, 536 U.S. 700, 737 (2002) (finding cruel and unusual punishment where inmate was handcuffed to a hitching post for seven hours, shirtless in the burning sun, and given water only once or twice, and not given bathroom breaks); *Obama v. Burl*, 477 F. App'x 409, 412 (8th Cir. 2012) (per curiam) (finding allegations of insufficient food in prison and constant lighting in isolation that caused inability to sleep, emotional distress, and headaches, survive preservice dismissal). For these reasons, the Court will dismiss plaintiff's claims brought under the Eighth Amendment.

**II.      Plaintiff's Claims Brought Under the RLUIPA**

The Religious Land Use and Institutionalized Persons Act provides, in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person --
>
> (1) is in furtherance of a compelling governmental interest; and

> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). "The Act defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Cutter v. Wilkinson*, 544 U.S. 709, 715 (2005) (quoting 42 U.S.C. § 2000cc-5(7)(A)). "'A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.'" *Id.* at 716 (quoting 42 U.S.C. § 2000cc-2(a)).

Having carefully reviewed the complaint, the Court finds that plaintiff has made a sufficient threshold showing of a substantial burden on his religious exercise to survive initial review. He has stated the religious significance of his kosher diet and certain ritual foods. He has alleged defendants are substantially burdening the exercise of his religion by not providing access to ritual foods, and by denying access to kosher foods. He alleges the MDOC policy regarding distributions from the inmate canteen funds violates RLUIPA because it denies funds to the Jewish community (defined as at least five offenders) at NECC. Plaintiff's RLUIPA claims against defendants Allen, Bartley, Brothers, Case, Earls, Godert, Griggs, Hurley, Jones, Long, Phillips, and Precythe, in their official capacities, pass initial review under § 1915(e)(2).[3] As such, process shall issue as to these defendants on plaintiff's RLUIPA claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint pursuant to the service agreement the Court maintains with the

---

[3] Naming a government official in his or her official capacity is the equivalent of naming the government entity—the State of Missouri—that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's individual capacity claims against the defendants under RLUIPA will be dismissed, however, as the statute does not allow for claims against individuals. *Blake v. Cooper,* 2013 WL 523710, *1 (W.D. Mo. Feb. 12, 2013); *Waff v. Reisch,* No. Civ. 07–4166, 2010 WL 3730114, *11 (D.S.D. July 30, 2010)("RLUIPA does not authorize individual capacity claims against prison officials."); *Van Wyhe v. Reisch,* 536 F. Supp. 2d 1110, 1118 (D.S.D.)(same), *aff'd in part, rev'd in part on other grounds,* 581 F.3d 639 (8th Cir. 2009).

Missouri Attorney General's Office as to defendants Larry Allen, Troy Bartley, Sheri Brothers, Travis Case, Alan Earls, Chantay Godert, Richard Griggs, James Hurley, William Jones, Gil Long, Murry Phillips, and Anne Precythe in their official and individual capacities, according to the 42 U.S.C. § 1983 and RLUIPA claims outlined above.

**IT IS FURTHER ORDERED** that plaintiff's claims brought under the Eighth Amendment are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue against defendants Shelly Orf and Renee Wombles because, as to these defendants, the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. Plaintiff's claims in the amended complaint against Shelly Orf and Renee Wombles are **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 21st day of February, 2018.

                                               _/s/ Audrey G. Fleissig_
                                               AUDREY G. FLEISSIG
                                               UNITED STATES DISTRICT JUDGE