# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| CRAIG DAWDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-49-AGF |
| | ) | |
| LARRY ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's second amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The motion is fully briefed and ready for decision. For the following reasons, the Court will grant in part and deny in part defendants' motion to dismiss.

## I. Background

Plaintiff, an inmate at Northeast Correctional Center ("NECC"), brings this action against thirteen prison officials and food services staff at NECC seeking monetary, declaratory, and injunctive relief pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and under 42 U.S.C. § 1983. Plaintiff alleges, among other things, that NECC failed to provide him with ritual kosher foods in violation of Jewish dietary laws on the Sabbath, High Holy Days, and Passover. He also alleges NECC failed to provide him with a Torah, Judaism prayer books, and dietary practice materials. Defendants have moved to dismiss plaintiff's complaint based on Eleventh Amendment immunity, failure to allege physical injury, and failure to allege a constitutional violation.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

---

[1] Defendants cite to *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) for the standard of review, stating that a complaint should be dismissed where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Defs.' Mem. at 2. This legal standard stated in *Conley* was abrogated by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. Discussion

A.    <u>Defendants' Motion to Dismiss</u>

Defendants move to dismiss plaintiff's second amended complaint under Federal Rule 12(b)(6), stating they are entitled to Eleventh Amendment immunity, plaintiff has not alleged physical injury, and plaintiff has not alleged a constitutional violation.

### 1.    *Eleventh Amendment Immunity*

The Eleventh Amendment prohibits actions against state officials acting in their official capacities from liability for monetary damages. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989). It does not, however, "bar actions against state officers in their official capacities if the plaintiffs seek only a declaratory judgment or injunctive relief." *Chaloux v. Killeen*, 886 F.2d 247, 252 (9th Cir.1989) (internal citations omitted). Nor does it bar damage actions against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). The Eleventh Amendment prohibits only damage actions against the "official's office," actions that are in reality suits against the state itself—rather than against its individual officials. *See id.* at 26.

Plaintiff brings all his claims against defendants in their individual and official capacities. *See* 2d Am. Compl. at 1. To the extent he seeks declaratory and injunctive relief, defendants are properly named in their official capacities. Furthermore, plaintiff's claims for injunctive relief brought under RLUIPA are properly brought against defendants in their official capacities. *See* ECF No. 7 at n.3. The Court will grant defendants' motion to dismiss on the grounds of Eleventh Amendment immunity only to the extent that the state officials are named in their official capacities for liability for monetary damages, and deny it in all other respects.

### 2.    *Failure to Allege Physical Injury*

The PLRA provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Eighth Circuit has concluded prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury. In these First Amendment cases, compensatory damages are not available, and relief is limited to nominal damages, punitive damages, and injunctive and declaratory relief. *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004).

Plaintiff's second amended complaint clearly states claims against defendants Larry Allen, Troy Bartley, Sheri Brothers, Travis Case, Alan Earls, Chantay Godert, Richard Griggs, James Hurley, William Jones, Gil Long, Murry Phillips, and Anne Precythe for violations of his First Amendment rights. Plaintiff alleges defendants have violated his constitutional rights by providing meals that do not meet the strict Jewish dietary laws, and he is not provided with the specific ritual food items to abide by Jewish dietary laws on the Sabbath, High Holy Days, and Passover. Additionally, he states First Amendment retaliation claims against defendant Larry Allen. Plaintiff may maintain his action for alleged First Amendment violations without alleging physical injury. The Court will deny defendants' motion to dismiss on this ground.

### 3. *Failure to Allege Constitutional Violation*

Finally, defendants state that "plaintiff has neither established a past violation of any constitutional right, nor a real and imminent threat of such violation" and therefore the Court should dismiss his claims for injunctive relief. As the Court discussed in its Memorandum and Order on initial review under 28 U.S.C. § 1915(e), plaintiff has stated plausible claims for constitutional violations against defendants. *See* ECF No. 7 at 1-12. Viewing all allegations in

the light most favorable to plaintiff, as the Court must at this stage in the litigation, the Court finds again that plaintiff has stated plausible claims of constitutional violations against defendants. *See id.* The Court will deny defendants' motion to dismiss on this ground.

B.     Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel, which the Court will deny without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HERBY ORDERED** that defendants Larry Allen, Troy Bartley, Travis Case, Alan Earls, Chantay Godert, Richard Griggs, James Hurley, William Jones, Gil Long, Murry Phillips, Anne Precythe, Sheri Brothers, and Renee Wembles' motion to dismiss is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** on the grounds of Eleventh Amendment immunity to the extent that the state official defendants are named in their official capacities for liability for monetary damages, and **DENIED** in all other respects. [ECF No. 21]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 25]

**IT IS FURTHER ORDERED** that plaintiff's motion for a hearing is **DENIED as moot**. [ECF No. 26]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 13th day of March, 2019.

                                        /s/ Audrey G. Fleissig
                                        AUDREY G. FLEISSIG
                                        UNITED STATES DISTRICT JUDGE